UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-01413 NCC |
| MISSOURI PUBLIC SAFETY, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on review of the civil rights complaint filed by plaintiff Clint Phillips, III. For the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant and frequent filer of lawsuits in this Court.[1] He brings this civil action pursuant to 42 U.S.C. § 1983, naming Missouri Public Safety, Metro Transit Agency, Officer Unknown Jordan, Officer Unknown Benuelas,[2] the City of St. Louis and Mayor Tishaura Jones as defendants. [ECF No. 1]. Plaintiff's complaint is silent as to the capacity under

---

[1] Since 2010, plaintiff has filed seventy (70) civil rights cases that have been closed, many of them dismissed on initial review.

[2] The docket identifies Officer Benuelas as "Benvelas." The Court believes, after a review of the complaint, that defendant's name is properly spelled as Benuelas. The Clerk will be directed to correct the docket.

2

which he is suing defendants. The complaint contains allegations that plaintiff was wrongfully arrested.

In the "Statement of Claim," plaintiff asserts in a conclusory fashion that he was at the "Riverview Transfer Center" at 9000 Riverview Drive in St. Louis in May of 2024.[3] Although this is a bus stop, plaintiff does not claim that he was waiting for a St. Louis MetroBus. Rather, he claims that he was "assaulted" at the Riverview Transfer Center by an African American "public safety officer" who used "unreasonable amounts of force" when he "punch[ed]" him in the knee. Plaintiff does not identify the officer who allegedly assaulted him.

Plaintiff asserts that he was arrested and "maliciously prosecuted" for the crime of trespassing by defendants Jordan and Benuelas. He alleges that he was falsely imprisoned and held illegally in violation of his rights.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, alleging that defendants falsely arrested him and utilized excessive force during that arrest. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. 42 U.S.C. § 1983 Claims Against the City of St. Louis and Mayor Tishaura Jones**

Plaintiff has named the City of St. Louis as a defendant. A local governing body such as St. Louis can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City*

---

[3] The Court has reviewed Missouri Case.Net and not found an arrest record from May of 2024 that matches the altercation he describes. Instead, the Court has found a municipal violation filed relative to a trespass event from July 24, 2024, which took place at 9000 Riverview in St. Louis, Missouri. *See City of St. Louis v. Phillips*, No. 24S2-MU03147 (St. Louis City Municipal Court, 22nd Jud. Cir.). The issuer of the trespass violation was Officer Landon Jordan. Plaintiff missed his Court appearance on August 7, 2024, and a warrant was issued for his failure to appear on October 7, 2024. *Id.*

3

*of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can potentially assert a municipal liability claim.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, a plaintiff must demonstrate:

4

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, a plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). As with an unconstitutional custom, a "failure to train or supervise must be the moving force behind the constitutional violation." *See Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d

5

605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts to support the proposition that the City of St. Louis harmed him due to an unconstitutional policy, custom, or failure to train.

First, regarding an alleged unconstitutional policy, plaintiff points to no policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City of St. Louis' governing body as being at issue in this case. Certainly, there are no facts suggesting that plaintiff's arrest was the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." That is to say, there is no indication whatsoever that a St. Louis City official made a deliberate choice to direct plaintiff's arrest. To the contrary, plaintiff's facts – as opposed to his numerous legal conclusions – suggest that he was arrested by two police officers for trespassing. Furthermore, plaintiff's facts describe only a single occurrence. The Court cannot infer the existence of an unconstitutional policy based on just one instance. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, as to an unconstitutional custom, plaintiff has not demonstrated the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" St. Louis City employees, much less that St. Louis City policymakers were deliberately indifferent to or tacitly authorized such misconduct.

Likewise, plaintiff has not shown a deliberately indifferent failure to train or supervise on the part of the City of St. Louis. To show deliberate indifference, plaintiff must prove that the City of St. Louis "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Such notice is typically alleged by facts demonstrating a "pattern of similar constitutional violations by untrained employees." As already discussed, plaintiff's facts do not establish any sort of pattern, but focus on only a single event in which plaintiff was arrested.

Indeed, as discussed below, plaintiff's facts fail to describe any constitutional violations whatsoever, let alone a pattern of them.

Finally, to the extent plaintiff is attempting to advance a respondeat superior theory, especially against Mayor Tishaura Jones, the claim fails, because a municipality (and an individual) cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"). *See also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior"); *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior).

For all of these reasons, plaintiff has failed to state a municipal liability claim against the City of St. Louis. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Similarly, plaintiff cannot establish a claim against Mayor Tishaura Jones. Therefore, these claims are subject to dismissal.

### B. 42 U.S.C. § 1983 Claim Against Metro Transit Agency and the Missouri Department of Public Safety

Plaintiff sues Metro Transit Agency, an enterprise of Bi-State Development Agency, in this action. He additionally sues the Missouri Department of Public Safety, which is an executive agency under Governor Michael Parsons. Plaintiff, however, fails to provide any claims in this lawsuit against these entities.

7

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has drawn no connection between the Metro Transit Agency and the Missouri Department of Public Safety and the violation of his constitutional rights. There is no indication in the complaint as to what these agencies allegedly did or did not do to harm him. Plaintiff's failure to connect an alleged violation of his constitutional rights to these agencies is fatal to his claims against them.

### C. Official Capacity Claims Against Officers Unknown Jordan and Unknown Benuelas Under 42 U.S.C. § 1983

Plaintiff has sued Officers Jordan and Benuelas in this action, but he is silent as to the capacities under which he is suing these defendants. Because the complaint is silent as to capacity,

8

the Court must presume plaintiff is suing defendants in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Officers Jordan and Benuelas appear to be police officers for the City of St. Louis. As such, the official capacity claims against them are actually against the City of St. Louis. In the discussion set forth above, the Court has already determined that plaintiff has failed to state a claim against the City of St. Louis under 42 U.S.C. § 1983. Therefore, the official capacity claims against Officers Jordan and Benuelas – treated as being made against the City of St. Louis – must likewise be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the proper spelling of Officer Benuelas' proper name.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED.**

9

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 28th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE